UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>   v.<br><br>2002 CADILLAC ESCALADE, VEHICLE<br>IDENTIFICATION NUMBER<br>3GYEK63N92G219882<br>    Defendant,<br><br>ROOSEVELT ARCHIE,<br>    <u>Claimant.</u> | )<br>)<br>)<br>) Civil Action No.<br>) 05-30156-KPN<br>)<br>)<br>)<br>)<br>)<br>) |

### <u>JOINT MOTION FOR FINAL JUDGMENT<br>AND ORDER OF FORFEITURE</u>

The parties in the above civil action, the United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Claimant Roosevelt Archie, by and through his attorney, Vincent A. Bongiorni, Esq., jointly move that this Court issue a Final Judgment and Order of Forfeiture, pursuant to 21 U.S.C. § 881(a)(6), forfeiting the 2002 Cadillac Escalade, Vehicle Identification Number 3GYEK63N92G219882 ("the Defendant Vehicle"), seized from North Branch Parkway, Springfield, Massachusetts on February 18, 2005.

In support of this Motion, the parties state that they have settled this action and have executed the attached Stipulation of Settlement. A proposed Final Judgment and Order of Forfeiture is submitted herewith.

Respectfully submitted,

| | |
|---|---|
| ROOSEVELT ARCHIE | MICHAEL J. SULLIVAN,<br>UNITED STATES ATTORNEY |
| By: _____ 1/25/06<br>Vincent A. Bongiorni<br>95 State Street<br>Suite 309<br>Springfield, MA 01103 | By: _____<br>Jennifer H. Zacks<br>Assistant US Attorney<br>John Joseph Moakley Federal Courthouse<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210 |
| Date: | Date: 1/25/06 |

Roosevelt Archie

/s/ Roosevelt Archie
Date: 1/24/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
        Plaintiff, )
         )
v. ) Civil Action No.
         ) 05-30156-KPN
2002 CADILLAC ESCALADE, VEHICLE )
IDENTIFICATION NUMBER )
3GYEK63N92G219882 )
        Defendant, )
         )
ROOSEVELT ARCHIE, )
        Claimant. )

## STIPULATION OF SETTLEMENT

The United States of America, by its undersigned attorney, and Roosevelt Archie, by his undersigned attorney, set forth the following:

WHEREAS, on June 24, 2005, the United States filed a complaint for forfeiture _in Rem_ (the complaint) against the above-captioned 2002 Cadillac Escalade, Vehicle Identification Number 3GYEK63N92G219882, ("the Defendant Vehicle"), seized from North Branch Parkway, Springfield, Massachusetts on February 18, 2005, alleging that the Defendant Vehicle was subject to forfeiture, pursuant to 21 U.S.C. §881(a)(6) as it represents moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, Title 21, United States Code, Sections 801 et seq. (the "Controlled Substances Act");

AND WHEREAS, on July 5, 2005, this Court approved and ordered the issuance of a Warrant and Monition, and following service of process of the complaint, Roosevelt Archie (the claimant), through his attorney, filed a claim and answer on August 2, 2005;

AND WHEREAS, the United States and the claimant desire, through this Stipulation of Settlement, to settle and dispose of the claims and defenses which have been asserted and which could have been asserted in this civil forfeiture action without further litigation and expense;

NOW THEREFORE, in consideration of the foregoing and the mutual undertakings of the parties hereinafter set forth, and for good and valuable consideration, including, but not limited to, the United States' dismissing the civil forfeiture action, it is hereby stipulated and agreed, by and between the undersigned, as follows:

1.  Upon execution by all parties, this Stipulation of Settlement shall be filed with the United States District Court for the District of Massachusetts in the above civil forfeiture action.

2.  The claimant withdraws his claim and consents to the forfeiture to the United States of the Defendant Vehicle.

3.  The claimant further consents and agrees, by way of a joint motion to be filed simultaneously with this stipulation of settlement, to the entry of a final judgment and order of forfeiture, which shall include, but not be limited to, the following:

a. In accordance with the provisions of the Stipulation of Settlement, the Defendant Vehicle is forfeited to the United States, pursuant to 21 U.S.C. §881(a)(6);

b. The United States Marshals Service shall retain custody of the Defendant Vehicle, and shall dispose of it in accordance with law; and

c. This action will be discontinued against the Defendant Vehicle and dismissed with prejudice.

4. The United States and the claimant agree that the settlement of this matter upon the terms and conditions set forth herein shall be in full, final, and complete satisfaction of any and all civil claims relating to the claimant that arise out of or relating to the underlying acts and circumstances referenced in the pleadings in this matter.

5. The claimant unconditionally releases, indemnifies and holds harmless the United States, its officers, agents, employees and/or representatives, both past and present, including but not limited to, the United States Drug Enforcement Agency, as well as any state, county, or local law enforcement agencies whose personnel were involved in the investigation and/or forfeiture action concerning the claimant, and their officers, agents, and employees from and against any and all claims, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the investigation

and/or forfeiture action involving the claimant or arising from the provisions of the instant Stipulation of Settlement.

6. The claimant agrees to, and does hereby, waive any and all statutory or constitutional defenses she may have to this civil forfeiture action and the settlement thereof, including, but not limited to, any claims based on Statute of Limitations, the Fourth Amendment, the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. All rights of appeal with regard to the instant action are hereby waived by the claimant.

7. The parties shall bear their own fees, costs, and expenses incurred in connection with any of the proceedings pertaining directly or indirectly to this action.

8. The claimant acknowledges that he is, and has been, represented by competent counsel in connection with the negotiation, preparation and execution of this Stipulation of Settlement, that the provisions of this Stipulation of Settlement and the legal effects thereof have been explained to him, and that he is entering into this stipulation of settlement freely and voluntarily, without coercion, duress, or undue influence.

9. This Stipulation of Settlement shall constitute the entire agreement between the parties hereto with respect to the settlement of this civil forfeiture action.

10. The parties agree that this Stipulation of Settlement may be executed by counterpart signature pages.

11. This Stipulation of Settlement shall be final and binding only upon signing by both parties hereto.

12. Signatories to this Stipulation of Settlement on behalf of the claimant represent that they have the full power and authority to enter into this Stipulation of Settlement and to perform the obligations set forth herein.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Roosevelt Archie, by his attorney, hereby execute this Stipulation of Settlement as of the dates hereinafter set forth.

Respectfully submitted,

ROOSEVELT ARCHIE

By: _____
Vincent A. Bongiorni
95 State Street
Suite 309
Springfield, MA 01103

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

By: _____
Jennifer H. Zacks
Assistant US Attorney
John Joseph Moakley Federal Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210

Date: 1/25/06

Date: 1/25/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>       v.<br><br>2002 CADILLAC ESCALADE, VEHICLE<br>IDENTIFICATION NUMBER<br>3GYEK63N92G219882<br>       Defendant,<br><br>ROOSEVELT ARCHIE,<br>       Claimant. | )<br>)<br>)<br>)  Civil Action No.<br>)  05-30156-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT AND ORDER OF FORFEITURE**

This Court having allowed the parties' Joint Motion for Final Judgment and Order of Forfeiture, it is hereby

ORDERED, ADJUDGED and DECREED:

1. That judgment is hereby entered for the forfeiture, pursuant to 21 U.S.C. §881(a)(6), of the 2002 Cadillac Escalade, Vehicle Identification Number 3GYEK63N92G219882, (the "Defendant Vehicle");

2. That any claim of interest of Roosevelt Archie or any other parties claiming any right, title, or interest in or to the Defendant Vehicle, is hereby held in default and dismissed;

3. The United States Marshals Service ("USMS") shall seize and maintain custody and control of the Defendant Vehicle, in accordance with United States Department of Justice policies regarding the disposition of forfeited property, and in accordance with the Stipulation of Settlement entered into between the United States of America and Claimant Roosevelt Archie, pursuant to 21

U.S.C. §881(a)(6); and

4. That this Court shall retain jurisdiction in this case solely for the purpose of enforcing the terms of this Judgment; otherwise, this Order shall be, and hereby is, the full and final disposition of this civil forfeiture action.

APPROVED AND SO ORDERED:

_____
KENNETH P. NEIMAN
United States Magistrate Judge

Date:_____, 2006